TAMARA BEATTY PETERSON, ESQ., Bar No. 5218
tpeterson@petersonbaker.com
NIKKI L. BAKER, ESQ., Bar No. 6562
nbaker@petersonbaker.com
PETERSON BAKER, PLLC
10001 Park Run Drive
Las Vegas, NV 89145
Telephone: 702.786.1001
Facsimile: 702.786.1002

L. LIN WOOD, ESQ. (*Admitted Pro Hac Vice*)
lwood@linwoodlaw.com
NICOLE JENNINGS WADE, ESQ. (*Admitted Pro Hac Vice*)
nwade@linwoodlaw.com
G. TAYLOR WILSON, ESQ. (*Admitted Pro Hac Vice*)
twilson@linwoodlaw.com
L. LIN WOOD, P.C.
1180 West Peachtree Street, Suite 2400
Atlanta, Georgia 30309
Telephone: 404.891.1402
Facsimile: 404.506.9111

*Attorneys for Plaintiff Steve Wynn*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STEVE WYNN, an individual,<br><br>Plaintiff,<br>v.<br><br>LISA BLOOM, an individual; and THE BLOOM FIRM, a California Professional Corporation,<br><br>Defendants. | Case No.: 2:18-cv-00609-JCM-GWF<br><br>**STIPULATION AND [PROPOSED] ORDER RE: EXTENSION OF TIME FOR PLAINTIFF TO FILE RESPONSE TO DEFENDANTS' SPECIAL MOTION TO DISMISS, AND PARTIAL STAY OF DISCOVERY PENDING COURT'S DECISION ON DEFENDANTS' SPECIAL MOTION TO DISMISS**<br><br>**(First Request)** |

Plaintiff Steve Wynn ("**Mr. Wynn**"), by and through his attorneys of record, Tamara Beatty Peterson, Esq. and Nikki L. Baker, Esq., of Peterson Baker, PLLC, and L. Lin Wood, Esq., Nicole Jennings Wade, Esq., and G. Taylor Wilson, Esq., of L. Lin Wood, P.C., and Defendants Lisa Bloom and The Bloom Firm (collectively, the "**Bloom Defendants**"), by and through their attorneys of record, Marc J. Randazza, Esq., Ronald D. Green, Esq., and Alex J. Shepard, Esq., of

the Randazza Legal Group, PLLC, hereby agree and stipulate, subject to the Court's approval, as follows:

1. On April 5, 2018, Mr. Wynn filed his "Complaint for Defamation" [ECF No. 1] against the Bloom Defendants based on a press release they issued accusing Mr. Wynn of improper acts relating to a former dancer in the Wynn Las Vegas show, "ShowStoppers."

2. On May 8, 2018, the Bloom Defendants filed their "Answer and Affirmative Defenses" [ECF No. 16].

3. On May 15, 2018, the Bloom Defendants filed a "Special Motion to Dismiss Pursuant to NRS 41.660" [ECF No. 18] and a "Request for Judicial Notice in Support of Defendants' Motion for Summary Judgment Invoking the Substantive Portions of the Nevada Anti-SLAPP Statute, NRS 41.635 et seq." [ECF No. 19] (collectively, the "**anti-SLAPP Motion**").

4. In support of the anti-SLAPP Motion, the Bloom Defendants submitted twenty-five (25) exhibits. (*See* ECF No. 18-2—18-27.) Six (6) of their exhibits are declarations, four (4) of which are from third party witnesses testifying to facts purportedly bearing on the truth of the statements at issue in this action and the knowledge of the Bloom Defendants regarding same.

5. Pursuant to Local Rule 7-2(b), the Clerk's Office's docket states that Mr. Wynn's response to the anti-SLAPP Motion is due on May 29, 2018.

6. Mr. Wynn and the Bloom Defendants (collectively referred to, where appropriate, as the "**Parties**") have not yet held a Rule 26(f) conference. Mr. Wynn's response to the anti-SLAPP Motion is due prior to the deadline to hold any Rule 26(f) conference.

7. Following receipt of the anti-SLAPP Motion, Mr. Wynn's counsel informed the Bloom Defendants' counsel that Mr. Wynn intended to file a Fed. R. Civ. P. 56(d) motion to conduct limited and necessary discovery, in the possession of the Bloom Defendants and third parties, relevant to responding to the allegations in the anti-SLAPP Motion relating to falsity and actual malice and, to this end, sought an extension of the deadline to file Mr. Wynn's response to the anti-SLAPP Motion.

8. The Parties are currently attempting to agree on the discovery Mr. Wynn may

conduct relating to the anti-SLAPP Motion consistent with Rule 56(d). If the Parties are unable to reach an agreement on all discovery sought by Mr. Wynn, Mr. Wynn will file a Rule 56(d) motion with the Court on the disputed discovery.

9. To provide sufficient time for the Parties to brief and the Court to issue a decision on any Rule 56(d) motion, the deadline for Mr. Wynn to file his response to the anti-SLAPP Motion is extended as follows: (a) if the Court grants all or part of the Rule 56(d) motion, on the date set by the Court's order; or (b) if the Court denies the Rule 56(d) motion in its entirety, within fourteen (14) days after entry of the Court's order.

10. If, however, the Parties are able to agree upon the limited discovery Mr. Wynn may conduct, the Parties will submit a stipulation and proposed order to the Court for approval, which, among other things, sets forth the stipulated discovery, sets a deadline to complete this discovery, and establishes a reasonable briefing scheduling for Mr. Wynn's response to the anti-SLAPP Motion and the Bloom Defendants' reply in support of the anti-SLAPP Motion.

11. In order to "secure the just, speedy, and inexpensive determination" (*see* Fed. R. Civ. P. 1) of the anti-SLAPP Motion and consistent with NRS 41.660(3)(e), a partial stay of discovery is appropriate. In this regard, the Parties' obligation to hold a Rule 26(f) conference, submit a stipulated discovery plan and scheduling order pursuant to Local Rule 26-1(a), and commence discovery is stayed pending a decision by the Court on the anti-SLAPP Motion, except for limited discovery stipulated to by the Parties and/or permitted by the Court in response to any Rule 56(d) motion filed by Mr. Wynn.

12. Pending the filing of and decision on any Rule 56(d) motion, the Bloom Defendants will permit Mr. Wynn to engage in certain agreed upon discovery concerning the facts raised by the anti-SLAPP Motion.

13. In light of the foregoing, the Parties submit that good cause exists for the Court to approve this Stipulation, and respectfully request that, as set forth herein, the Court extend the time

//

//

3

for Mr. Wynn to file his response to the anti-SLAPP Motion and approve a partial stay of discovery.

Respectfully submitted this 29th day of May, 2018.

| PETERSON BAKER, PLLC | RANDAZZA LEGAL GROUP, PLLC |
|---|---|
| By: /s/ Nikki L. Baker<br>TAMARA BEATTY PETERSON ESQ.<br>Nevada Bar No. 5218<br>tpeterson@petersonbaker.com<br>NIKKI L. BAKER, ESQ., Bar No. 6562<br>nbaker@petersonbaker.com<br>PETERSON BAKER, PLLC<br>10001 Park Run Drive<br>Las Vegas, NV 89145<br>Telephone:  702.786.1001<br>Facsimile:  702.786.1002 | By: /s/ Alex J. Shepard<br>MARC J. RANDAZZA, ESQ.<br>Nevada Bar No. 12265<br>RONALD D. GREEN, ESQ.<br>Nevada Bar No. 7360<br>ALEX J. SHEPARD, ESQ.<br>Nevada Bar No. 13582<br>2764 Lake Sahara Drive, Suite 109<br>Las Vegas, Nevada 89117<br>Telephone: 702.420.2001<br>Facsimile: 305.437.7662<br>ecf@randazza.com |
| L. LIN WOOD, ESQ.<br>*(Admitted Pro Hac Vice)*<br>lwood@linwoodlaw.com<br>NICOLE JENNINGS WADE, ESQ.<br>*(Admitted Pro Hac Vice)*<br>nwade@linwoodlaw.com<br>G. TAYLOR WILSON, ESQ.<br>*(Admitted Pro Hac Vice)*<br>twilson@linwoodlaw.com<br>L. LIN WOOD, P.C.<br>1180 West Peachtree Street, Suite 2400<br>Atlanta, Georgia 30309<br>Telephone:  404.891.1402<br>Facsimile:  404.506.9111 | *Attorneys for Defendants Lisa Bloom and The Bloom Firm* |

*Attorneys for Plaintiff Steve Wynn*

IT IS SO ORDERED.

_/s/ George Foley Jr._____
UNITED STATES MAGISTRATE JUDGE

DATED: 6/01/2018