TAMARA BEATTY PETERSON, ESQ., Bar No. 5218
tpeterson@petersonbaker.com
NIKKI L. BAKER, ESQ., Bar No. 6562
nbaker@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone:  702.786.1001
Facsimile:  702.786.1002

L. LIN WOOD, ESQ. (*pro hac vice*)
lwood@linwoodlaw.com
NICOLE JENNINGS WADE, ESQ. (*pro hac vice*)
nwade@linwoodlaw.com
JONATHAN D. GRUNBERG, ESQ. (*pro hac vice*)
jgrunberg@linwoodlaw.com
G. TAYLOR WILSON, ESQ. (*pro hac vice*)
twilson@linwoodlaw.com
L. LIN WOOD, P.C.
1180 West Peachtree Street, Suite 2040
Atlanta, Georgia 30309
Telephone:  404.891.1402
Facsimile:  404.506.9111

*Attorneys for Plaintiff Steve Wynn*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STEVE WYNN, an individual,<br><br>Plaintiff,<br>v.<br><br>LISA BLOOM, an individual; and THE BLOOM FIRM, a California Professional Corporation,<br><br>Defendants. | Case No.: 2:18-cv-00609-JCM-GWF<br><br>**STIPULATION AND [PROPOSED] ORDER RE: COMPLETION OF AUTHORIZED DISCOVERY AND BRIEFING SCHEDULE ON RENEWED ANTI-SLAPP MOTION** |

Plaintiff Steve Wynn ("**Mr. Wynn**"), by and through his attorneys of record, Tamara Beatty Peterson, Esq. and Nikki L. Baker, Esq., of Peterson Baker, PLLC, and L. Lin Wood, Esq., Nicole Jennings Wade, Esq., Jonathan D. Grunberg, Esq., and G. Taylor Wilson, Esq., of L. Lin Wood, P.C., and Defendants Lisa Bloom and The Bloom Firm (collectively, the "**Bloom Defendants**"), by and through their attorneys of record, Marc J. Randazza, Esq., Ronald D. Green, Esq., and Alex J. Shepard, Esq., of the Randazza Legal Group, PLLC, hereby agree and stipulate, subject to the

Court's approval, as follows:

1. On March 26, 2019, Mr. Wynn filed his "Motion for Discovery to Respond to Defendants' Special Motion to Dismiss Pursuant to NRS 41.660" [ECF No. 34] ("**Discovery Motion**"), requesting that the Court permit Mr. Wynn to engage in certain discovery prior to responding to any anti-SLAPP motion filed by the Bloom Defendants, and requesting a scheduling order for such discovery and briefing.

2. On March 28, 2019, the Bloom Defendants filed "Defendants Lisa Bloom and The Bloom Firm's Renewed Special Motion to Dismiss Pursuant to NRS 41.660" [ECF No. 36] ("**Renewed anti-SLAPP Motion**").

3. On April 8, 2019, the Court entered an order granting Mr. Wynn's "Motion for Extension of Time to Respond to Defendants' Renewed Anti-SLAPP Motion [ECF No. 36]" [ECF No. 38] (the "**Extension Order**"). *See* ECF No. 39. In the Extension Order, the Court ordered, among other things, that "if the court grants in whole or in part plaintiff's discovery motion, plaintiff shall file a motion requesting a proposed deadline to file a response" to the Renewed anti-SLAPP Motion. *Id*.

4. On May 5, 2019, the Court entered an order granting, in part, and denying, in part, Mr. Wynn's Discovery Motion (the "**Discovery Order**"). *See* ECF No. 45.

5. In the Discovery Order, the Court ordered the parties to "submit a proposed schedule for completion of the authorized discovery, together with a briefing schedule on Defendants' Renewed Motion to Dismiss Pursuant to NRS 41.660 (ECF No. 36)." *See* ECF No. 45 at 11:2-4.

6. The Parties propose the following schedule for completion of discovery authorized by the Discovery Order:

a.) Mr. Wynn is not required to renew and re-serve his requests for production; rather, the requests, and the documents required to be produced by the Bloom Defendants, are limited by the Discovery Order;

b.) No later than two (2) weeks after entry of an Order approving this Stipulation, the Bloom Defendants shall respond to Mr. Wynn's "First Set of Requests for

Production of Documents to Defendant The Bloom Firm [Nos. 1-28]" served on January 30, 2019, subject to the limitations in paragraph 2 of the Discovery Order (ECF No. 45 at p. 10). To that end, the Bloom Defendants need not produce documents in response to Request Nos. 22, 23, and 24;

   c.) No later than two (2) weeks after entry of an Order approving this Stipulation, the Bloom Defendants shall disclose all known contact information for Angelina Mullins, Colt Prattes, Samuel Cahn-Temes, and Lauren Molina to enable Mr. Wynn to subpoena these individuals for their depositions. However, any disclosure may be limited by the rules of professional conduct. In the event that it is, such limitation shall be explained, in writing;

   d.) The depositions of Angelina Mullins, Colt Prattes, Samuel Cahn-Temes, and Lauren Molina shall be taken first, followed by the deposition of Jordan Olsin, and then the deposition of Charles Glasser, Esq.;

   e.) Provided the depositions of Angelina Mullins, Colt Prattes, Samuel Cahn-Temes, Lauren Molina, and Jordan Olsin have been completed *and* the Bloom Defendants have complied with Paragraph 6(b), *supra*, Mr. Wynn shall depose Mr. Glasser in New York City on July 2, 2019, and shall be responsible for paying Mr. Glasser's hourly fee of $550.00 for his actual deposition time;

   f.) Each of the above depositions shall be limited to the durations set forth in the Discovery Order and to questions relevant to the issue of whether the Bloom Defendants acted with actual malice in publishing their press release of March 22, 2018;

   g.) Mr. Wynn is not precluded from requesting leave of court to conduct a second deposition of Angelina Mullins, Colt Prattes, Samuel Cahn-Temes, Lauren Molina, Jordan Olsin, and/or Charles Glasser, Esq. on issues other than actual malice, or from exceeding the seven (7) hour limitation set forth in Fed. R. Civ. P. 30(d)(1) for Ms. Mullins, Mr. Oslin and/or Mr. Glasser, should the Court deny the Bloom Defendants' Renewed anti-SLAPP Motion; and

   h.) Mr. Wynn has until and including August 9, 2019, to complete the discovery authorized by the Discovery Order. However, Mr. Wynn may seek leave of Court to extend this discovery period for good cause shown.

7. The Parties propose the following briefing schedule for the Renewed anti-SLAPP Motion:

    a.) Mr. Wynn shall file and serve his response in opposition to the Renewed anti-SLAPP Motion on or before twenty-one (21) days following the completion of the above-described discovery, and in any event no later than August 30, 2019; and

    b.) The Bloom Defendants shall file and serve their reply in support of the Renewed anti-SLAPP Motion fourteen (14) days after service of Mr. Wynn's response.

8. The Parties submit this Stipulation in compliance with the Extension Order and the Discovery Order, and respectfully submit that good cause exists for the Court to approve this Stipulation.

Respectfully submitted this 14th day of May, 2019.

| PETERSON BAKER, PLLC | RANDAZZA LEGAL GROUP, PLLC |
|---|---|
| By: /s/ Nikki L. Baker<br>TAMARA BEATTY PETERSON ESQ.<br>Nevada Bar No. 5218<br>NIKKI L. BAKER, ESQ., Bar No. 6562<br>PETERSON BAKER, PLLC<br>701 S. 7th Street<br>Las Vegas, NV 89101<br>Telephone: 702.786.1001<br>Facsimile: 702.786.1002<br><br>L. LIN WOOD, ESQ.<br>*(Admitted Pro Hac Vice)*<br>NICOLE JENNINGS WADE, ESQ.<br>*(Admitted Pro Hac Vice)*<br>JONATHAN D. GRUNBERG, ESQ.<br>*(Admitted Pro Hac Vice)*<br>G. TAYLOR WILSON, ESQ.<br>*(Admitted Pro Hac Vice)*<br>L. LIN WOOD, P.C<br>1180 West Peachtree Street, Suite 2040<br>Atlanta, Georgia 30309<br>*Attorneys for Plaintiff Steve Wynn* | By: /s/ Alex J. Shepard<br>MARC J. RANDAZZA, ESQ.<br>Nevada Bar No. 12265<br>RONALD D. GREEN, ESQ.<br>Nevada Bar No. 7360<br>ALEX J. SHEPARD, ESQ.<br>Nevada Bar No. 13582<br>2764 Lake Sahara Drive, Suite 109<br>Las Vegas, Nevada 89117<br>Telephone: 702.420.2001<br>Facsimile: 305.437.7662<br>ecf@randazza.com<br>*Attorneys for Defendants Lisa Bloom and The Bloom Firm* |

IT IS SO ORDERED.

*/s/ George Foley Jr.*
UNITED STATES MAGISTRATE JUDGE

DATED: 5/14/2019