# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVE WYNN,

    Plaintiff(s),

v.

LISA BLOOM, et al.,

    Defendant(s).

Case No. 2:18-cv-00609-JCM-NJK

**Order**

[Docket No. 85]

Pending before the Court is the parties' stipulation to extend deadlines in the scheduling order by 90 days. Docket No. 85.[1]

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Good cause has not been shown for a 90-day extension. The first reason provided is that the parties are addressing privilege issues. The Court encourages counsel to work amicably to resolve their disputes, but the existence of this dispute does not justify a 50% extension of the presumptively reasonable discovery period. *See* Local Rule 26-1(b)(1) (setting presumptively reasonable discovery period at 180 days). The second reason provided is that counsel have been busy with other work, including taking on new clients in new cases requiring emergency motion practice. Docket No. 85 at 2-3. This reason does not provide a basis for good cause. "Of course,

---

[1] Requests to extend discovery deadlines must include a statement "*specifying* the discovery completed." Local Rule 26-3(a) (emphasis added). The current stipulation identifies discovery completed through only general terms. *See, e.g.*, Docket No. 85 at 2 (referencing "written discovery" and depositions of "six individuals"). Any future request must include a specific description of the discovery completed.

1

counsel must [] strive to ensure that they are not taking on a caseload beyond what they are prepared to handle within the deadlines set by the Court." *Olesczuk v. Citizens One Home Loans*, 2016 U.S. Dist. Lexis 153342, at *6 n.3 (D. Nev. Nov. 4, 2016).

In short, sufficient justification has not been presented for a 90-day extension. The Court will instead provide a 45-day extension. Accordingly, the stipulation to extend is **GRANTED** in part and **DENIED** in part. Deadlines are hereby **RESET** as follows:

- Amend pleadings/ add parties: closed
- Initial experts: November 1, 2021
- Rebuttal experts: December 1, 2021
- Discovery cutoff: January 7, 2022[2]
- Dispositive motions: January 31, 2022
- Joint proposed pretrial order: March 1, 2022, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: September 20, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The Court will provide an extra week for the discovery cutoff so that it does not fall within the holidays.