UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEVE WYNN,

    Plaintiff(s),

v.

LISA BLOOM, et al.,

    Defendant(s).

Case No. 2:18-cv-00609-JCM-NJK

**Order**

[Docket No. 87]

Pending before the Court is Plaintiff's motion for protective order. Docket No. 87. Defendants filed a response in opposition. Docket No. 88. Plaintiff filed a reply. Docket No. 89. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

Defendants argue in response that the motion does not sufficiently address which particular discovery requests are at issue in the motion, nor provide argument specific to each particular discovery request in dispute. Docket No. 88 at 13. The Court agrees. The Court does not decide discovery disputes in a vacuum, but rather addresses argument specifically tethered to the discovery in dispute. *Cf.* C.D. Cal. Local Rule 37-2.1 (where a dispute exists as to an interrogatory, for example, the interrogatory and answer must be quoted followed by argument "as to that particular interrogatory").[1] The Court declines to address the generalized arguments presented and will instead require renewed motion practice that addresses each discovery request in dispute.

In addition, Plaintiff's motion challenges both discovery requests propounded on him and subpoenas issued to third-parties. Parties must file a separate motion for each type of relief

---

[1] Some courts, including the Central District of California, require the filing of a joint submission for the resolution of discovery disputes. The Court is not requiring a joint submission in this case, but the parties may do so if they agree to that formatting. Either way, however, argument must be presented specific to each discovery request in dispute. *See, e.g.*, *Rivas v. Gov. Emps. Ins. Co.*, 2020 WL 8172993, at *1 n.1 (D. Nev. Apr. 23, 2020).

1

requested or purpose of the document.  Local Rule IC 2-2(b).  As Judge Mahan has explained, "[t]his rule is not an exercise of pure formality." *Bank of N.Y. Mellon v. SFR Invs. Pool 1, LLC*, 2017 U.S. Dist. Lexis 132101, at *2 (D. Nev. Aug. 18, 2017).  The rule instead seeks, *inter alia*, to avoid the presentation of arguments that are intertwined and merged together despite the existence of potentially different standards.  *See id.* at *3.  As such, any renewed motion practice must be separated with respect to the third-party subpoenas.[2]

Accordingly, the pending motion for protective order is **DENIED** without prejudice.  Any renewed motion practice must specifically identify in the motion itself the text of each disputed discovery request and response, followed by argument specific to that request.[3]  Any renewed motion practice as to the identified third-party subpoenas must be presented separately.

IT IS SO ORDERED.

Dated: November 1, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] In an effort to ensure briefing that best fosters complete and efficient resolution, the Court will also instruct that any renewed motion practice may not incorporate by reference arguments presented elsewhere.  *See, e.g.*, *Lescinsky v. Clark Cnty. Sch. Dist.*, ___ F. Supp. 3d ___, 2021 WL 1933931, at *4 n.8 (D. Nev. May 13, 2021).

[3] To the extent the parties agree that various discovery requests involve the same issues, they are free to present argument on a subset of requests with an agreement to apply the resulting ruling to the other requests in dispute.  Even in that situation, however, argument must be presented that is specific to the discovery requests chosen as bellwethers.