# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVE WYNN,

    Plaintiff(s),

v.

LISA BLOOM, et al.,

    Defendant(s).

Case No. 2:18-cv-00609-JCM-NJK

**Order**

[Docket Nos. 92-93]

On November 1, 2021, the Court denied Plaintiff's motion for protective order because, *inter alia*, it did not provide argument specifically tethered to each discovery request in dispute. Docket No. 91 at 1 ("The Court declines to address the generalized arguments presented and will instead require renewed motion practice that addresses each discovery request in dispute"). The Court further ordered that "[a]ny renewed motion practice must specifically identify in the motion itself the text of each disputed discovery request and response, **followed by argument specific to that request**." *Id.* at 2 (emphasis added).[1]

Now pending before the Court are Plaintiff's renewed motions for protective order. Docket Nos. 92, 93. Despite the previous order, the renewed motions are similarly defective. For example, the motion related to party discovery consists of single-spaced recitation of dozens of discovery requests and responses, which is then followed pages later by generalized argument that is not specific to each discovery request in dispute. *See* Docket No. 92. Because the motions fail to comply with the Court's order, they are again **DENIED** without prejudice.

---

[1] The Court provided further that, "[t]o the extent the parties agree that various discovery requests involve the same issues, they are free to present argument on a subset of requests with an agreement to apply the resulting ruling to the other requests in dispute. Even in that situation, however, argument must be presented that is specific to the discovery requests chosen as bellwethers." *Id.* at 2 n.3.

1

The Court declines to entertain generalized argument purporting to address multiple discovery disputes. Any renewed motion practice must specifically identify in the motion itself the text of each disputed discovery request and response, followed by the argument specific to that request. For example, the motion for protective order must provide the text of Request for Production No. 1, the text of the response to Request for Production No. 1, and then meaningfully-developed argument <u>specific to Request for Production No. 1</u>.[2] The motion may thereafter address the next disputed discovery request, response, and argument specific thereto.

IT IS SO ORDERED.

Dated: December 8, 2021

                                                                                       _____
                                                                                       Nancy J. Koppe
                                                                                       United States Magistrate Judge

---

[2] To the extent the parties agree that various discovery requests involve the same issues, they are free to present argument on a subset of requests with an agreement to apply the resulting ruling to the other requests in dispute. Even in that situation, however, argument must be presented that is specific to the discovery requests chosen as bellwethers.