Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Jay M. Wolman (admitted *pro hac vice*)
Alex J. Shepard, NV Bar No. 13582
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

Lisa Bloom (admitted *pro hac vice*)
Arick Fudali (admitted *pro hac vice*)
THE BLOOM FIRM
26565 Agoura Road Suite 200
Calabasas, CA 91302
Telephone: 818-914-7397
lisa@thebloomfirm.com
arick@thebloomfirm.com

Attorneys for Defendants
Lisa Bloom and The Bloom Firm

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STEVE WYNN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LISA BLOOM, an individual; and THE BLOOM FIRM, a California Professional Corporation,<br><br>Defendants. | Case No. 2:18-cv-609-JCM-NJK<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES**<br><br>**(Second Request)** |

Pursuant to Local Rule IA 6-1 and 26-3, the parties, by and through their respective counsel of record, hereby stipulate and agree, subject to the Court's approval, that this Court extend the current discovery deadlines for all parties in the above-captioned case for a period of 90 days. In addition, the parties request that the dispositive motions and pretrial order deadlines be extended in accordance with the discovery extension as outlined in this Stipulation.

In support of this Stipulation and Request, the parties state as follows:

**1.0    Discovery Completed to Date**

Prior to the Court's entry of a scheduling order, Plaintiff Wynn took the following discovery in accordance with the "Stipulation and Order Re: Completion of Authorized Discovery and Briefing Schedule on Renewed anti-SLAPP Motion" (ECF No. 49):

- Deposition of Lisa Bloom (Jan. 28, 2019)
- Wynn's First Set of Requests for Production of Documents to Defendant The Bloom Firm (Jan. 30, 2019)
- Deposition of Lauren Molina (July 12, 2019)
- Deposition of Colt Prattes (July 23, 2019)
- Deposition of Angelina Mullins Prattes (July 24, 2019)
- Deposition of Sam Cahn-Temes (July 25, 2019)
- Deposition of Jordan Oslin (July 31, 2019)

Following the entry of the Court's scheduling order on May 24, 2021 (ECF No. 75), the parties engaged in the following discovery:

- Defendants' Initial Disclosures (June 4, 2021)
- Plaintiff's Initial Disclosures (June 7, 2021)
- Defendants' First Interrogatories to Plaintiff (Aug. 13, 2021)
- Defendants' First Requests for Production of Documents to Plaintiff (Aug. 13, 2021)
- Defendants' Subpoena *Duces Tecum* to Massachusetts Gaming Commission (Aug. 13, 2021)
- Defendants' Subpoena *Duces Tecum* to Nevada Gaming Commission (Aug. 13, 2021)
- Defendants' Subpoena *Duces Tecum* to Wynn Resorts, Ltd. (Aug. 13, 2021)
- Plaintiff's Second Set of Requests for Production of Documents to Defendants (Dec. 3, 2021)
- Defendants' First Requests for Admission to Plaintiff (Dec. 8, 2021)
- Defendants' Second Interrogatories to Plaintiff (Dec. 8, 2021)

- Defendants' Second Requests for Production of Documents to Plaintiff (Dec. 8, 2021)
- Defendants' Expert Witness Report (Nov. 1, 2021)

**2.0     Discovery Remaining to be Completed**

In response to Defendants' discovery requests, Plaintiff served objections alleging that Defendants' requests concerning sexual misconduct allegations against the Plaintiff are not relevant for the purposes of this case. Plaintiff objected to other requests under a claim of privilege. Plaintiff is currently in the process of moving this Court for a protective order in relation to those requests, and has previously filed motions for a protective order which have been denied without prejudice. The parties have met and conferred regarding Plaintiff's responses to Defendants' first interrogatories and requests for production of documents. The parties are discussing Plaintiff's supplemental responses to these requests to obviate the need for or limit the scope of a motion to compel on issues other than Plaintiff's assertions of privilege. If these issues are not resolved informally, Defendants intend to file a motion to compel further responses, and may need to file a motion to compel regarding responses where Plaintiff asserts a privilege if Plaintiff's motion for a protective order is not re-filed shortly. Additionally, Defendants may need to file motions to compel the third parties to produce documents responsive to the subpoenas. Defendants believe that this information is important to the resolution of this case; Plaintiff disagrees.

Defendants plan to take the depositions of Plaintiff Steve Wynn and the Person Most Knowledgeable of Wynn Resorts, Ltd. The parties also plan to take the depositions of third party witnessess, including, but not limited to, Richard Gray, Marguerite Derricks, Phil McKinley. Because Plaintiff is still working on supplementing his responses to Defendants' discovery requests and Defendants have not received from third parties all documents requested in the subpoenas, Defendants contend they do not have available to them the documents and information needed to effectively take these depositions.

Plaintiff additionally has noticed the deposition of Defendant The Bloom Firm's Rule 30(b)(6) designee for January 5, 2022.

Lastly, counsel for Plaintiff Steve Wynn has, among other scheduling conflicts, a firm setting of February 7, 2022, for a three-week jury trial, and an arbitration set for March 7-11, 2022. Therefore, Plaintiff Steve Wynn's willingness to enter into this Stipulation is contingent on the Court's approval of a 90-day extension of the discovery deadline. Defendants would be willing to accept a shorter extension, but strongly prefer an extension of 90 days in light of these scheduling issues and the discovery issues that still need to be resolved.

**3.0     Reason Why Discovery has not been Completed**

The parties are currently engaged in discovery and require additional time to resolve issues of privilege and other objections that Plaintiff has asserted regarding both written discovery requests to him and subpoenas to third parties.  The issues regarding Plaintiff's assertion of privilege are complicated and have already resulted in litigation between Plaintiff and third parties. Without resolving these issues, it also may not be possible for Defendants to identify all potential witnesses and expert witnesses from whom discovery should be sought.

Plaintiff initially filed a motion for protective order on September 24, 2021 (ECF No. 87). Defendants opposed the motion on October 8, 2021 (ECF No. 88), and Plaintiff replied on October 15, 2021 (ECF No. 89).  The Court denied the motion without prejudice on November 1, 2021 on the grounds that Plaintiff failed to comply with the Court's local rules (ECF No. 91).  Plaintiff refiled his motion as two separate motions on December 1, 2021 (ECF Nos. 92 & 93), which were denied again on December 8, 2021 (ECF No. 94).

At this point, the issues of privilege and relevance remain undecided.  Although the parties have engaged in subsequent meet and confers in an attempt to reach a resolution of the issues, the parties have not yet been able to reach an agreement.  Accordingly, the issue remains pending for resolution by the Court.  Defendants contend they will be prejudiced if they are required to move forward with depositions of the Plaintiff and of third party witnesses without the benefit of having the documents and information they requested for use in those depositions.  The holiday schedules of the parties and their counsel also significantly complicates the scheduling of depositions prior to the close of discovery.

Finally, counsel for the parties have been, and still are, exploring whether an amicable resolution of Plaintiff's defamation claim against Defendants can be reached between the parties, which would result in a dismissal with prejudice of this action.  To save time, money and resources, the parties have not proceeded with the remaining depositions while these discussions are ongoing.

**4.0    Proposed Schedule for Completing All Remaining Discovery**

The parties' agreement to extend the remaining deadlines is contingent on the Court approving a 90-day extension of the discovery deadline. Defendants would be willing to accept a shorter extension, but strongly prefer an extension of 90 days.  The parties propose the following schedule for completing all remaining discovery in this action:

| Scheduled Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Expert Disclosures | November 1, 2021 | – |
| Rebuttal Experts | December 1, 2021 | – |
| Discovery Cut-off | January 7, 2022 | April 7, 2022 |
| Dispositive Motions | January 31, 2022 | May 6, 2022 |
| Joint Pre-Trial Order | March 1, 2022 | June 3, 2022 |

Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension.  In accordance with LR 26-3, all motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than 21 days before the expiration of the subject deadline.  A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates excusable neglect.  Pursuant to LR 26-3, any motion or stipulation to extend the discovery shall include:

(a)    A statement specifying the discovery completed;

(b)    A specific description of the discovery that remains to be completed;

(c)    The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing all remaining discovery.

It is not good cause for a late request to extend discovery that the parties informally postponed discovery. No stipulations are effective until approved by the Court. *See* LR 7-1(b).

Good cause exists here because the issues of privilege and relevance remain undecided, and the parties accordingly are unable to complete the depositions that they require until those remaining issues are resolved. An extension of 90 days to all remaining discovery deadlines should give the parties adequate time to resolve these issues without prejudice to the parties.

IT IS SO STIPULATED.

| | |
|---|---|
| DATED this 17th day of December 2021 | DATED this 17th day of December 2021 |
| /s/ Alex J. Shepard | /s/ Nikki L. Baker |
| Marc J. Randazza, NV Bar No. 12265<br>Ronald D. Green, NV Bar No. 7360<br>Jay M. Wolman (admitted *pro hac vice*)<br>Alex J. Shepard, NV Bar No. 13582<br>RANDAZZA LEGAL GROUP, PLLC<br>2764 Lake Sahara Drive, Suite 109<br>Las Vegas, NV 89117 | Tamara Beatty Peterson, NV Bar No. 5218<br>Nikki L. Baker, NV Bar No. 6562<br>PETERSON BAKER, PLLC<br>701 S. 7th Street<br>Las Vegas, NV 89101 |
| Lisa Bloom (admitted *pro hac vice*)<br>Arick Fudali (admitted *pro hac vice*)<br>THE BLOOM FIRM<br>26565 Agoura Road Suite 200<br>Calabasas, CA 91302 | Todd L. Bice, NV Bar No. 4534<br>Debra L. Spinelli, NV Bar No. 9695<br>Emily A. Buchwald, NV Bar No. 13442<br>PISANELLI BICE PLLC<br>400 South 7th Street, Suite 300<br>Las Vegas, NV 89101 |
| Attorneys for Defendants<br>Lisa Bloom and The Bloom Firm | Attorneys for Plaintiff<br>Steve Wynn |

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Dated: December 20, 2021